■ ISMAEL SALABERRIOS, Appellant, v. CITY OF NEW YORK et al., Respondents.

APPEAL from an order of the Supreme Court at Trial Term, entered October 28, 1964 in Bronx County, which denied a motion by plaintiff for an order to vacate the dismissal of the action and to restore the action to the Jury Calendar.

MEMORANDUM BY THE COURT. Order entered on October 28, 1964, dismissing complaint affirmed, with $30 costs and disbursements to the respondents. This case was assigned out for trial from the calendar part. There were three cases in the trial part at the time of assignment, in one of which plaintiff's counsel was also trial counsel for the plaintiff. He knew he would be unable to proceed in that other case. The two remaining cases were disposed of without trial and the instant case was called by the Trial Judge. Counsel informed the court that he was not ready due to the fact that he had just learned the night before that he would be unable to proceed in the other case and, expecting up to that time to be engaged in that case, had not gotten ready in this case. The trial court, giving plaintiff the benefit of the doubt, ruled that this was a circumstance that had arisen since the assignment and allowed him to make an application for adjournment in the calendar part. The Calendar Judge, it is asserted, not only refused to grant the application but even to hear it. He was returned to the trial part, where he renewed the application, asking for a two-day adjournment. The trial court correctly ruled that he lacked discretion to grant a two-day adjournment, but allowed counsel until the afternoon session, at which time he was to pick a jury and open. This offer was refused. The court then dismissed the complaint. There are no minutes of the application made in the calendar part, and we have only counsel's averment that he was not given a hearing. This was, of course, an impropriety even if all that was involved was discourtesy, and we do not approve it. But it was incumbent on plaintiff to show that he would have advanced some reason why he should have been given an adjournment, and this he failed completely to do. Both cases in which counsel was involved were of the simplest nature and the minimal preparation required should have been done long since. No reason was even suggested as to why this case should not have been ready in the time granted. The sympathetic approach to the problem, based on the contention that a two-day adjournment in one case would make no particular difference, is misleading. The calendar rules are designed to deal with the problem of congestion and to reduce delays to a tolerable point. If they are to be disregarded and exceptions are to become the rule, the problem becomes insoluble. That is not to say that there is no case in which the circumstances do not dictate an exception, but this not such a case.

RABIN, J. (dissenting). While the moving and disposition of calendars is a worthy objective, it is not the only objective, nor should it be considered the paramount one. A Judge in charge of a calendar part should be encouraged to be firm, and he should be supported in his attempts to keep the cases moving. However, in this case, no matter how well intended, I think that it was inappropriate for the Justice presiding in Part I to refuse to hear plaintiff's attorney in support of his application for an adjournment. It would not have been an undue intrusion upon the expeditious handling of the calendar to have done so. True, we must enforce the calendar rules, but whether the application was one that would call for a departure from the rules could not be determined unless the reasons that counsel was ready to advance in support of his request for an adjournment were first heard.

The Justice sitting in the trial part could not, under the rules, grant the adjournment asked for. He was bound by the disposition of the Calendar Judge. However, there is nothing in the rules to prevent the Calendar Judge from granting an adjournment upon proper cause shown. And, I think, in the plaintiff's motion to vacate the dismissal and to restore the case to the calendar, proper cause was shown.

It appears that the attorney for the plaintiff in this action also represented one Mirabella in another action that was about to be reached for trial. On January 6, that action had been assigned to Part IV for trial. The plaintiff's attorney selected a jury and the trial proper was scheduled to commence on the morning of January 7, 1964. Upon visiting the Mirabella home the evening of January 6 he learned that Mrs. Mirabella — who was in her ninth month of prgenancy — claimed that she was physically and emotionally unable to appear for trial at that time.

On the morning of January 7 — the day that the Mirabella trial was scheduled to commence — the instant action was No. 8 on the Day Calendar. When it was called for assignment to a part, plaintiff's attorney sought an adjournment. Without affording the attorney an opportunity to state his reasons for such application, the Justice presiding in Part I assigned the action to Part IV for trial.

In Part IV plaintiff's attorney then requested a mistrial in the Mirabella case by reason of the alleged inability of Mrs. Mirabella to appear. That request was denied and the Mirabella action was dismissed. At that point, the Justice presiding directed the attorney to proceed to trial in the instant case. While counsel's request for an adjournment of the trial of this case was refused on the ground that only the Justice presiding in the calendar part could grant such relief, counsel was permitted to return to Part I to make his application there. The Justice in Part I again refused to hear the application and directed that the case be disposed of in Part IV. Upon return to Part IV the action was dismissed.

I feel that the explanation offered was, in the circumstances, sufficiently meritorious to have justified the granting of the short adjournment counsel was seeking. As of the evening of January 6, plaintiff's counsel apparently had every intention of trying the Mirabella case beginning the morning of January 7. In such context his being unprepared to try the instant case on the same morning is understandable. Particularly so in view of the fact that this action was No. 8 on the calendar and it appeared that there had been another case assigned to Part IV before the instant one, which case had been marked "Holding".

We should not penalize counsel — and certainly not his client — if acting in good faith he misjudges the time when he will be called for trial. Counsel here expected to be engaged in the trial of the Mirabella action and he had no reason to believe that it would be necessary for him to be ready in this case until he had disposed of the trial at hand. It is unrealistic to expect that counsel will be prepared to go to trial in two cases at the same time, particularly when the second case was not even in a trial part but was No. 8 on the day calendar. There is no reason why a court should not take into consideration the problems of the practicing lawyer and to give assistance in meeting them if the rules allow. And, I think, that such assistance should have been given here and could have been given without doing violence to any rule of the court.

It is for these reasons that I dissent and vote to grant the plaintiff's motion to vacate the dismissal and to restore the case to the Day Calendar for trial.

Breitel, J. P., Valente and Steuer, JJ., concur with Memorandum by the court; Rabin, J., dissents in opinion in which Stevens, J., concurs.

Order affirmed, etc.